THE KEYSTONE LUMBER & SALT MANUFACTURING COMPANY ET AL. V. JOHN JENKINSON.

*Contract for driving logs—Pleading—Amendment of declaration—Agreement as to payment by owner's vendee—Evidence—Practice in Supreme Court.*

1. An amendment of a declaration by substituting "P x C," the mark as shown by the testimony upon certain logs, to recover for the driving of which the suit was brought, for "S P," the mark mentioned in the declaration, is clearly within the statute of amendments, and its allowance within the discretion of the court.

2. An arrangement with a contractor for driving logs, made by a purchaser from the owner, by which the vendee is to pay for such driving, and retain the amount of the purchase price, will not make the vendee debtor to the contractor, and discharge the vendor from his contract obligations. In such a case, payments or a tender made by the vendee will be for the use and benefit of the vendor, but proof of such tender, coupled with a statement that it was to show that the vendee owed the debt rather than the vendor, is properly excluded.

3. Where a defendant introduces evidence tending to prove his offset and damages it must be presumed, in the absence of a finding of facts, that the court gave it due consideration in arriving at the judgment reached.

Error to St. Clair. (Stevens, J.) Argued January 31, 1888. Decided April 6, 1888.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Atkinson & Vance,* for appellant.
*Chadwick & Wood,* for plaintiffs.

CHAMPLIN, J. This action was brought to recover for running and driving logs in the east branch of the Au Gres river, in 1879.

The declaration contains two counts,—one upon a contract in writing, alleged to have been executed between the parties, and the other upon a *quantum meruit.*

The defendant pleaded the general issue, and gave notice of offset, and also, if defendant was bound by the agreement declared on, that the plaintiffs had failed to perform the same in several specified particulars, and asking to recoup his damages. Defendant also denied the execution of the contract declared on under oath.

The cause was tried before the court without a jury, who gave judgment for the plaintiffs. No findings of fact or law were asked for or made.

Eighty-two errors are assigned. One of them relates to the ruling of the court in allowing an amendment of the declaration upon the trial. The amendment was clearly within the statute of amendments, and its allowance within the discretion of the court.[1]

Another error alleged relates to the ruling of the court with reference to an amendment of the defendant's notice under the plea of the general issue. Defendant asked leave

---

[1] The declaration identified the logs as marked "S P," and was amended by substituting "P x C," being the mark as shown by the testimony.

to amend his pleadings by giving notice of tender. The court granted leave. Defendant's counsel then said:

"I don't want the court to misunderstand me that the tender was made by Mr. Jenkinson so as to admit a certain amount."

*Court.* "No; I understand Mr. Crannage tendered a certain amount."

*Counsel for Defendant.* "And they owed the debt. We offer this testimony for the purpose of showing tender, but it is to show that Pitts & Crannage owed the debt, rather than Mr. Jenkinson."

Thereupon the court excluded the proposed testimony at that time. It had already appeared from testimony that Pitts & Crannage had purchased from defendant the major part of the logs which plaintiffs were driving for defendant, and that it was arranged between plaintiffs and defendant that Pitts & Crannage should pay plaintiffs for driving the logs, and keep the amount out of the purchase money going to defendant. Whatever payment they should make to plaintiffs would be, therefore, for the use and benefit of defendant, and a tender made by them would be a tender made in behalf of defendant. But that arrangement would not make Pitts & Crannage debtors to plaintiffs, and discharge defendant from his contract obligations. The ruling was right.

Before the trial was concluded testimony was introduced, without objection, of a tender made by Pitts & Crannage, and also of their holding in their hands the amount due the plaintiffs for running the logs according to the contract price, and that such amount was afterwards withdrawn from their hands by defendant.

The last three errors assigned raise no question of law upon this record.

All of the other errors assigned relate to the rulings of the court in admitting or excluding testimony. No testimony was improperly excluded, and none was admitted but which

tended to prove either one or the other count of the plaintiffs' declaration.

As there was no finding of facts filed, we do not know upon which count of plaintiffs' declaration the court based its judgment; and as the common count and the testimony introduced thereunder would support the judgment, it is needless for us to construe the written contract, or to define the rights of the parties thereunder. The defendant introduced evidence tending to prove its offset and damages, and it must be presumed that the court gave it due consideration in arriving at the judgment rendered.

It is impracticable to analyze the processes by which the court reached his conclusion. If counsel were not satisfied with the result reached, and were of opinion that it included elements not warranted by the plaintiffs' testimony, or that it excluded items of offset or damage which should have been included, they should have requested a written finding of facts and law under the statutes and rules of court enacted for such cases.

The judgment must be affirmed.

The other Justices concurred.