OLD SECOND NATIONAL BANK OF BAY CITY *v.* WILLIAMS.

1. GARNISHMENT — CONTINUANCE OVER TERM — LOSS OF JURISDIC-
TION—APPEAL.
  That a garnishment suit was not brought on for trial at the
    term at which judgment in the principal suit was rendered,
    does not require its dismissal in the Supreme Court on appeal,
    where there is nothing in the record to show that it was not
    continued over the term upon cause shown or by consent of
    counsel.

2. SAME—WHAT SUBJECT TO.
  The right to hold a garnishee depends upon the state of the
    claim, as one garnishable or not, at the time of serving pro-
    cess.

3. SAME—CORPORATE STOCK.
  A certificate of stock in a corporation is subject to garnish-
    ment under 2 How. Stat. § 7697, providing that such stock
    may be taken and sold on execution, and sections 8058, 8059,
    providing for charging a garnishee with the property, money,
    goods, chattels, and effects in his hands.

Error to Bay; Maxwell, J. Submitted February 4,
1897. Decided May 11, 1897.

Garnishment proceedings by the Old Second National
Bank of Bay City against Charles S. Williams, as
garnishee of David M. Estey and James H. Calkins.
From a judgment for plaintiff, defendant brings error.
Affirmed.

*William M. Kilpatrick* (*Cahill & Ostrander*, of
counsel), for appellant.

*C. L. Collins*, for appellee.

LONG, C. J. December 21, 1895, the plaintiff com-
menced suit in the Bay circuit court against David M.
Estey and James H. Calkins, partners under the name of

Estey & Calkins, and on the same date sued out a writ of garnishment against defendant Williams; alleging in the affidavit upon which the writ was issued that "Charles S. Williams, of Owosso, Mich., has property, money, goods, chattels, and effects in his hands and under his control belonging to the said David M. Estey and James H. Calkins, and each of them, and is indebted to them, and each of them." Mr. Williams made disclosure in the case under oath, in which he stated that he was not indebted to the principal defendants, or either of them, and was not at the time of the service of the writ upon him, but that at the time of the service of the writ he then held 100 shares of the capital stock of the Estey Manufacturing Company, of Owosso, Mich., represented by certificate No. 68, of the par value of $25 each, which had been duly assigned to him by David M. Estey, "and which he now holds as collateral security for the indorsement and guaranty by him, the said Charles S. Williams, of a certain promissory note made by David M. Estey on December 5, 1895, to C. J. Monroe, for the sum of $2,500, payable four months from date, with interest at 7 per cent., but by whom the said note is now held he is unable to say," and that he has no other property, credits, or effects of said Estey & Calkins. On the trial the plaintiff offered in evidence the judgment in the principal case against Estey & Calkins. This was objected to by counsel for the garnishee defendant for the reason that the judgment was obtained at a former term of court, and under the statute the garnishee suit should have been brought on for trial at that term. It was also objected that the stock of a corporation is not subject to garnishee process. These objections were overruled. It appeared that the judgment in the principal suit was for $2,617.35, that the garnishee defendant had advertised and sold this stock for the sum of $3,250, and that the note upon which he was held as indorser was paid in full out of the moneys arising from the sale of the stock, leaving a surplus in his hands of $669.41. For this

amount the court below entered a judgment in favor of the plaintiff, less the expense of the sale of the stock and the garnishee's witness and attorney fees, which were fixed at $35.

The case was tried before the court without a jury, and, so far as appears by this record, there were no requests by either party for findings of fact or law. The record consists simply of copies of the records and files in the principal case and in the garnishee proceedings, together with the articles of association of the Estey Manufacturing Company, the testimony in the case, and objections to the introduction of testimony, the rulings of the court thereon and added thereto, and the assignments of error by the garnishee defendant. It appears that the trial of the garnishee case was had September 29, 1896, while the judgment was rendered in the principal case on January 14, 1896. But for the exception which was taken to the ruling of the court in admitting in evidence the judgment in the principal case, as heretofore stated, this case could not be heard in this court, as it would be ruled by *Gemberling* v. *Lazarus*, 100 Mich. 324; *Township of Cumming* v. *Shick*, 94 Mich. 222; *Keystone, etc., Manfg. Co.* v. *Jenkinson*, 69 Mich. 220; *Child* v. *City of Jackson*, 93 Mich. 503; *Haines* v. *Saviers*, 93 Mich. 440. It may be added, also, that the record does not, in terms, purport to contain all the evidence submitted upon the trial. While the garnishee case was not heard until September, although the judgment in the principal suit was rendered in January preceding, there is nothing to show but that the garnishee case was continued over the term upon cause shown, or by consent of counsel. This court will not presume error, and there is none shown by the record.

It is not disputed but that the surplus remaining in the hands of the garnishee defendant after the sale of the stock belonged to Mr. Estey, one of the principal defendants. Counsel for defendant argue that while the shares of stock may be reached by attachment and execution

under 2 How. Stat. § 7697 *et seq.*, and section 7993, yet there is no statute which provides for reaching such surplus by writ of garnishment; that at common law there was only one way to reach the interest of a shareholder in a corporation, and that was in equity, the interest being an intangible one, not subject to levy by execution; that, proceedings in garnishment being statutory, the rule that they cannot be extended to include any case not provided by the statute is one of necessity; that there is no process of court provided by statute by which the surplus itself can be made available to the plaintiff, as the court has no power to order a sale in such a proceeding; that the fact that the garnishee defendant, after being served with the writ, sold the shares, and had the proceeds in his hands in money, did not enlarge the plaintiff's rights; that the right to hold the garnishee depends upon the state of the claim, as one garnishable or not, at the time of the serving of the process.

The last proposition is well settled in this State. *Martz v. Insurance Co.*, 28 Mich. 201; *Hopson v. Dinan*, 48 Mich. 612; *Bethel v. Judge of Superior Court*, 57 Mich. 379. The question is therefore presented, as contended by counsel for defendant, whether this certificate of stock in the hands of the garnishee was subject to garnishment. While we find no statute in this State which expressly provides that stock in a corporation may be the subject of garnishment, yet section 7697, 2 How. Stat., provides that such stock may be taken and sold on execution; and the rule seems to be settled by the weight of authority, and in reason, that, where stock may be taken and sold on execution, the garnishee may be charged for choses in action in his possession. It is the rule of the common law that no such stock can be taken in execution, but the statutes of most of the States now provide for such levy and sale. The reason given in many of the cases cited by counsel for garnishee why such stock is not subject to garnishment is that the judgment needed is one authorizing a sale of the stock, and there is no law making bank

and other stock subject to execution. Our statute provides for such levy and sale. Sections 8058, 8059, 2 How. Stat., provide for charging the garnishee defendant with the property, money, goods, chattels, and effects in his hands, etc. Section 8065 reaches any personal property, etc., subject to any pledge, lien, or mortgage. Under these statutes, we think the stock was subject to garnishment. It was personal property which might be taken in execution, and, within the garnishee statute, was personal property subject to that claim. This was the rule laid down by the supreme court of Minnesota in *Puget Sound Nat. Bank* v. *Mather*, 60 Minn. 362, and in *Edwards* v. *Beugnot*, 7 Cal. 162. Shares of stock in corporations are bought and sold in the markets of the world as personal property. The shares in controversy were treated as personal property, pledged as such, and sold under the pledge. The garnishee statute, while not expressly providing for the holding of this particular personal property under garnishment process, yet does hold personal property and certain choses in action. The maker of a promissory note may be garnished after its maturity, if it is then owned by the principal defendant. *Somers* v. *Losey*, 48 Mich. 294. The statute in Minnesota is very similar to our own, and in *Banning* v. *Sibley*, 3 Minn. 389, 405, it was held that shares in a railroad company were liable to be taken on garnishee process. The court said: "There being nothing in the nature of the property itself which exempts it from process of execution or attachment, no valid reason can be given why it should not be reached by this process, which is, in effect, but another form of attachment, and intended to reach a class of cases in which the ordinary writ is of no avail." See, also, *Storm* v. *Cotzhausen*, 38 Wis. 139; *La Crosse Nat. Bank* v. *Wilson*, 74 Wis. 391.

The judgment must be affirmed.

The other Justices concurred.