JANSSEN, Respondent, v. MULLER, Appellant.

(162 N. W. 393.)

(File No. 4059. Opinion filed April 30, 1917.)

1. Contracts—Construction of Well—"Satisfactory" Well, Meaning of Term.

Where plaintiff's contract for constructing a well for defendant warrants the well to be satisfactory, it can only mean satisfactory to defendant.

2. Same—Construction of Well—Evidence—Contemplated Depth, Digger's Statement of Ability, Admissibility.

Under a contract of plaintiff for constructing a well, warranting it to be satisfactory to defendant, plaintiff's statement immediately prior to digging the well, that he had a good outfit and

could go down 1500 feet if necessary, is admissible to show the depth the parties had in contemplation when contract was made; the contract itself not being clear as to parties' intention in this respect.

3. **Same — Construction of — Surrounding Circumstances — Rule, Where Contract Not Clear.**

Contracts should be construed in the light of all surrounding circumstances, and such as the parties themselves contemplated when contract was made. So held, in sustaining as competent plaintiff's statement to defendant, concerning a well he was to construct, that he had a big outfit and could go down 1500 feet if necessary; the contract not being clear in this respect.

4. **Same—Construction of Well—Performance—Water for Ordinary Purposes, When Insufficient.**

Under a contract to construct a well satisfactory to defendant, although not requiring plaintiff to construct a flowing well, it was insufficient performance to merely find water enough for all ordinary domestic purposes; defendant already having such a well; and the fact that that amount of water was found 300 feet down, while plaintiff dug down 1000 feet, shows the parties did not contemplate that drilling should stop merely because that amount of water was found.

5. **Trials—Evidence—Well Construction—Other Flowing Wells, Proof of, Rebuttal of Drilling Through Artesian Basin Without Flow, Competency.**

Under plaintiff's contract to dig a well satisfactory to defendant, where he had sunk it 1000 feet without finding flowing water although proof tended to show he had gone through artesian basin, held, that rebuttal testimony showing that there were continuously flowing wells within a mile in two directions was competent and material, without laying further foundation; as tending to show natural surroundings within contemplation of the parties, and as bearing upon question whether defendant's dissatisfaction was or not reasonable.

Appeal from Circuit Court, Bon Homme County. Hon. ROBERT B. TRIPP, Judge.

Action by J. H. Janssen, against John R. Muller, to recover upon a contract for construction of a well. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed and remanded.

*Muller & Conway,* and *W. L. Redden,* for Appellant.

*Scoblic & French,* and *French & Orvis,* for Respondent.

(1.) To point one of the opinion, Appellant cited: 9 Cyc. 618-619-620, and cases cited; Inman Mfg. Co. v. American Cereal Co., 100 N. W. 860; Grogan v. Geo. F. Lee Coal Co., 208 Penn.

State 386; 11 Am. & Eng. Ann. Cases, 838 and note; Inman Mfg. Co. v. American Cereal Co., 12 Am. & Eng. Ann. cases and note.

(3.) To point three of the opinion, Appellant cited: Civ. Code, Secs. 1258, 1256; 6 Ruling Case Law, p. 849; Sec. 239, p. 849; 9 Ency. Evd. 350; 6 R. C. L. 228, p. 839, and cases cited, Sec. 241, pp. 852-3.

(5.) To point five of the opinion, Respondent cited: Tourtelot v. Whithed, (N. D.) 84 N. W. 8; Sec. 1239, Civ. Code; Taylor v. White River Valley Ry. Co., 27 S. D. 528.

McCOY, J. This was an action brought to recover the contract price for constructing a well. There was a verdict and Judgment in favor of plaintiff, from which defendant appeals. Among other errors assigned there are those which relate to the rejection of certain testimony offered by appellant. In order to determine the questions in relation to the exclusion of this testimony, it will be necessary to consider some elements of the contract in question in connection with other testimony. While the contract does not specifically name the well to be constructed under the provisions thereof as an artesian well, and while the plaintiff did not agree by this contract to construct or procure a flowing well, still it is clear from all the surrounding circumstances that the parties had in view the drilling of a well into the artesian water basin or strata underlying defendant's premises. The conduct of both parties before and after the making of the contract, and during the construction of said well thereunder, evidence that it was the penetration of what is commonly known as the artesian water strata that was in contemplation. The testimony offered by plaintiff for the purpose of showing that he had completed the well according to contract is that he had gone through the artesian basin, and that by reason thereof it was improbable that any different well could have been procured by going deeper into the earth as defendant seems to have desired. This character of evidence was offered by plaintiff for the purpose of showing that defendant in reason should have been satisfied with the fulfillment of the contract.

[1] The principal contention made by the defendant is that the plaintiff did not construct this well according to contract, and that defendant had good reason not to be satisfied with the construction of said well as it was left by plaintiff on its alleged

completion. This contract is entirely silent as to the depth this well should be constructed. It is also silent as to who was to say, or by what means should be determined, what was a sufficient depth to satisfy the fulfillment of the contract. This contract does say that the plaintiff warrants that said well will be satisfactory. This can only mean satisfactory to defendant. The vital question is whether or not the plaintiff constructed such a well as should in reason have been satisfactory to defendant under the terms of this contract. This was one of the theories on which the learned trial court submitted the case to the jury. Was it unreasonable for defendant to request plaintiff to go deeper, or should defendant have been in reason satisfied with the well at the depth at which plaintiff left it? The answer of these questions of necessity depends upon the surrounding facts. It is not clear from the contract what was the intention of the parties in this respect.

"To determine the intention of the parties, if the meaning is not clear, it is necessary that regard shall be had to the nature of the instrument itself, the condition of the parties executing it, and the objects which they had in view, for which purposes parol evidence is admissible. Where the parties to a contract have given it a particular construction, such construction will generally be adopted by the court in giving effect to its provisions. And the subsequent acts of the parties showing ,the construction they have put upon the agreement themselves, are to be looked to by the court, and in some cases may be controlling." 9 Cyc. 587, 588.

The construction put upon this contract and the acts of the plaintiff while constructing said well indicate that the plaintiff had in view the sinking of said well into or through the artesian water strata. It is conceded that the well in question was drilled to a depth of about 1,000 feet. Plaintiff testified that flowing wells had been obtained in that artesian basin 1,600 to 1,800 feet deep.

[2, 3] On the trial defendant offered to show upon the cross-examination of plaintiff that plaintiff stated immediately prior to the entering into of said contract that he had a big outfit and could go down 1,500 feet if necessary. This offer was objected to and the objection was sustained, and to which ruling defendant excepted, and now contends that such ruling was erroneous. We are of the view that defendant's contention is well grounded. This

testimony would have had a tendency to show that these parties at the time they entered into this contract had in contemplation the possibility of sinking said well 1,500 feet deep. The rule is familiar that contracts should be construed in the light of all the surrounding circumstances, and such the parties themselves had in contemplation at the time the contract was entered into. De Rue v. McIntosh, 26 S. D. 42, 127 N. W. 532. While the plaintiff under this contract did not agree to furnish or contract a flowing well, still, if under the provisions of this contract it was reasonably probable or possible to obtain such a flowing well, defendant was entitled to it; the evidence taken as a whole shows this was the thing that was within the contemplation of the parties. This pertains to the specific question upon which the said contract is not clear, namely, the depth to which the well should be drilled in order to be satisfactory under the contract, and under the construction that has been placed upon said contract by both parties thereto. The testimony all tends to show that the purpose in view was to obtain a flowing artesian well, although plaintiff did not agree to obtain one.

[4] Under the evidence in this case it was not sufficient for plaintiff merely to say that as soon as clear water enough had been found for all ordinary domestic purposes for defendant's use he might stop drilling and claim that he had satisfied the terms of the contract. The surrounding circumstance that defendant had, prior to the contract, that character of well upon his premises, and which was known to plaintiff, shows that merely a well, with sufficient water to supply such needs of defendant, was not the only well in contemplation under this contract. The fact that a well of clear water sufficient to supply all the said needs of defendant was found at the depth of 300 feet, in the construction of this well in question, clearly indicates that it was not the intention or within the contemplation of the parties to stop drilling merely on account of having found that amount of water. These facts clearly indicate the construction and interpretation given to this contract by the parties in the carrying out of its provisions.

[5] The plaintiff was permitted to offer testimony to show that he had drilled this well through the artesian basin. This was a question the defendant had the right to rebut. On the trial defendant offered to show that there was a flowing well within

one mile east of defendant's premises. on which the well in question is located, and that there was another one mile west, both flowing continuously more than 15 gallons per minute. This offer was objected to as being incompetent, irrelevant, and immaterial, and no foundation laid. The objection was sustained, and to which ruling defendant excepted. We are of the opinion that this kind of testimony was competent and material. It was testimony pertaining to natural surroundings, the natural situation in contemplation of the parties that might have a bearing upon whether or not the defendant was reasonable or unreasonable in claiming that he was not satisfied with plaintiff's performance of the contract. The facts surrounding such other wells such as elevation, diameter, and construction, under many circumstances might well and properly have been considered by the jury, the weight to be given to such circumstances depending upon the surrounding conditions of such other wells. It is a matter of common observation that in the same immediate neighborhood the depth of the different strata of water-bearing rock is generally uniform, and also that there are different strata at different depths It might have appeared, if the defendant had been permitted to go into this proposition in relation to other wells in the immediate vicinity, that such other wells had been sunk down into a lower water-bearing stratum 1,500 feet under ground. Hence we are of the view that testimony of this character was competent and material as tending to indicate the natural surroundings within the contemplation and view of the parties to this contract at the time the same was entered into. It is not easy to see just what foundation could or should have been laid to admit this testimony. It is not possible to introduce all the testimony upon an evidentiary matter at the same instant Of necessity evidence, often-times consisting of many circumstances, can only be offered one fact at a time. In this instance it was necessary to show the existence and location of these other wells in the immediate vicinity in order to call attention to and adduce testimony as to their surrounding conditions.

The judgment and order appealed from are reversed, and the cause remanded.