BROCKET MERCANTILE COMPANY, a Corporation, Plaintiff and Appellant, v. FRED LEMKE, Defendant and Respondent, IMPERIAL ELEVATOR COMPANY, a Corporation, and John W. Maher, Garnishees and Respondents, HENRY LEMKE and William Lemke, Interveners and Respondents.

(166 N. W. 800.)

**Garnishee process — one served with — affidavit or answer — property in his hands — facts fairly and fully set forth — no issue taken — default in — facts stated are conclusive.**

1. Where one is served with garnishment process, and within the time required by law makes and serves on the person who brought such garnishment proceedings his affidavit or answer which fairly and fully sets forth the facts and circumstances relative to the property in his hands or under his control belonging to the defendant, and no issue is taken with such answer or affidavit of the garnishee within thirty days, the time specified by law in which persons maintaining such garnishment proceedings shall take issue with such garnishee's affidavit or answer, the facts and matters stated in such affidavit or garnishee answer are conclusive and must be taken as true.

**Garnishee — disclosure by — full and fair statement — denial of liability — no issue taken — conclusive.**

2. In the case at bar there were two garnishees, the first being John W. Maher; the second being the Imperial Elevator Company. John W. Maher disclosed that he was in no manner indebted to the defendant. He further disclosed that he had security upon the crops grown upon certain lands sold by him to Fred Lemke, the defendant. Nowhere was there any admission of liability in such affidavit or answer, and there was a denial of such liability therein. No issue was taken on such affidavit or answer of John W. Maher within thirty days, and hence his statement of nonliability to the defendant must be taken as conclusive.

**Garnishment proceedings — affidavit or answer — setting up other claims — prior in right to plaintiff's claim, if true — no issue joined — statements — conclusive — no garnishable claim — owned by defendant.**

3. The Imperial Elevator Company disclosed in their affidavit or answer that the property in question, the wheat and barley which was delivered at their elevator, was supposed to be owned by John W. Maher and one Havener. That after such grain was delivered to the elevator, notice was served upon them by many persons, naming them, who claimed an interest or lien upon said grain, and claimed they owned the same in whole or in part. It appears from the record that there were sufficient liens filed against defendant's

alleged half of such crop to more than equal the value thereof, which claims were filed prior to the time of the service of the garnishment process. Most or all of such liens were disclosed by the affidavit of the garnishee. No issue was taken on such affidavit, and the truth of the matters stated therein became conclusive. The plaintiff not having taken issue with such allegations, nor any steps to bring in any of the claimants by serving the order of the court upon them, and thus proceeding in the way prescribed by law to compel such claimants to prove and establish the validity of their claims, it must be concluded as a matter of law that all of the allegations and statements in the garnishee affidavit or answer are true, and that the claimants referred to in such affidavit are the owners, in whole or in part, of half of such grain which is alleged as belonging to the defendant; and no issue having been taken so as to compel the claimants to establish the validity of their liens admitted to be on file at the time of the service of the garnishment summons and process, such liens must be *held* to be valid, and the defendant *held* to have no garnishable interest in such grain at the time of the service of the garnishment process.

**Sale of land — under crop-payment contract — crops raised — ownership of — garnishable interest — in defendant — none appearing.**

4. It appearing by the testimony that John W. Maher sold to Fred Lemke certain land upon crop payment, said Lemke to pay for such land by delivering one half of the crop raised thereon during each year of the life of the contract; and it appearing by the testimony that the defendant leased said land to one Havener for the year 1909, being the year in question, when the crops in dispute were raised upon said land,—it was *held* so far as the record disclosed, by reason of the leasing of such land as aforesaid, that at the time of the service of the garnishment process Fred Lemke had no garnishable interest in such crops.

**Garnishment process — liability of garnishee — indebtedness to defendant — facts and circumstances — service of process — changed conditions thereafter — cannot affect rights.**

5. Where garnishment process is served upon the garnishee the liability of the garnishee is determined by the facts and circumstances with reference to his indebtedness to the defendant, if any, at the time of the service of the garnishee summons. A change in events after the service of the garnishee summons upon the garnishee cannot increase his liability.

Opinion filed February 6, 1918.

Appeal from the judgment and order of the District Court of Ramsey County, Honorable *C. W. Buttz,* Judge.

Affirmed.

*Cowan & Adamson* and *H. S. Blood,* for appellant.

Under a crop contract like the one here, the interest of Fred Lemke became garnishable as soon as the crop came into existence. He became the owner of an interest in such crops at once. Minneapolis Iron Store Co. v. Branum, 36 N. D. 355, L.R.A.1917E, 298, 162 N. W. 543; Stavens v. National Elevator Co. 36 N. D. 9, 161 N. W. 558.

Unless the affidavit in garnishment specifically states that the garnishees, two or more, are proceeded against jointly, the several garnishees shall be deemed severally proceeded against. Comp. Laws 1913, §§ 7568, 7580, 7581.

*W. M. Anderson, M. H. Brennan,* and *D. V. Brennan,* for respondents (*E. T. Burke,* on oral argument).

In garnishment proceedings an interpleaded claimant is a party defendant to the garnishment proceedings, and such a claimant stands in the same position as the garnishee and may urge all his defenses, as well as his own. Comp. Laws 1913, § 7582.

If such a claimant has such right, then there is no apparent reason why an intervener who comes in voluntarily making claim has not the same right. Wilde v. Mahaney, 183 Mass. 455, 62 L.R.A. 813, 67 N. E. 337; McMahon v. Merrick, 33 Minn. 262, 22 N. W. 543; Sutton v. Heinzle, 84 Kan. 756, 34 L.R.A.(N.S.) 238, 115 Pac. 560.

A case allowed to run for five years with prosecution should be dismissed. Comp. Laws 1913, § 7598.

Where the garnishee's answer discloses that no property or debt is claimed by a third person, and the plaintiff fails to have such claimant cited to litigate his claim, the garnishee is entitled to his full discharge. 20 Cyc. 1101; Donald v. Nelson, 95 Ala. 111, 10 So. 317; Brunswick Gaslight Co. v. Flanagan, 88 Me. 420, 34 Atl. 263; Look v. Brackett, 74 Me. 347; Cram v. Shackleton, 64 N. H. 44, 5 Atl. 715; Mansfield v. Stevens, 31 Minn. 40, 16 N. W. 455.

The Imperial Elevator Company in their answer mentioned many claimants, giving their names and addresses, and yet for five years the plaintiff failed to bring in any such claimants. Blake v. Hubbard, 45 Mich. 1, 7 N. W. 204.

The answer of the garnishees stood undisputed and uncontested for five years, no issue thereon being joined. Spears v. Chapman, 43 Mich. 541, 5 N. W. 1038; Banning v. Sibley, 3 Minn. 389, Gil. 282; Chase v. North, 4 Minn. 381, Gil. 288.

"Funds due under a contract of employment are not subject to garnishment where the property upon which the contract is being performed is subject to a lien of laborers, employed to execute the contract, but may be retained to satisfy them." 20 Cyc. 994, and cases cited; Petrie v. Wyman, 35 N. D. 126, 159 N. W. 616.

The law indulges no presumption that the garnishee is liable, and his liability must be made affirmatively to appear in order to justify a judgment against him. 20 Cyc. 1098; Edney v. Willis, 23 Neb. 56, 36 N. W. 300; 20 Cyc. 992.

The liability or nonliability of the garnishee is determined solely with reference to the facts as they existed at the time the garnishment was served. No subsequent event can increase, diminish, or affect it. Hopson v. Dinan, 48 Mich. 612, 12 N. W. 875; Cogswell v. Mitts, 90 Mich. 356, 51 N. W. 515; Old Second Nat. Bank v. Williams, 112 Mich. 564, 71 N. W. 150; 20 Cyc. 1066; Stavens v. National Elevator Co. 36 N. D. 9, 161 N. W. 558.

A debt which is uncertain and contingent and may never become due and payable is not subject to garnishment; it is only indebtedness which is in its nature absolute and payable at some time without contingency that can be reached by such process. 20 Cyc. 1007; Comp. Laws 1913, § 7583; Edwards v. Roepke, 74 Wis. 571, 43 N. W. 554; Goode v. Barr, 64 Wis. 659, 26 N. W. 114; Drake v. Harrison, 69 Wis. 99, 2 Am. St. Rep. 717, 33 N. W. 81; Ingram v. Osborn, 70 Wis. 184, 35 N. W. 304; Mundt v. Shahow, 120 Wis. 303, 97 N. W. 897; Foster v. Singer, 69 Wis. 392, 2 Am. St. Rep. 745, 34 N. W. 395; Taylor v. Donahoe, 125 Wis. 513, 103 N. W. 1099; Hopson v. Dinan, 48 Mich. 612, 12 N. W. 875; Case v. Dewey, 55 Mich. 116, 20 N. W. 817, 21 N. W. 911; Cogswell v. Mitts, 90 Mich. 353, 51 N. W. 515; Old Second Nat. Bank v. Williams, 112 Mich. 564, 71 N. W. 150; Chicago, B. & Q. R. Co. v. Van Cleave, 52 Neb. 67, 71 N. W. 971; Edney v. Willis, 23 Neb. 56, 36 N. W. 300; Streeter v. Gleason, 120 Iowa, 703, 95 N. W. 242; McConnell v. Denham, 72 Iowa 494, 34 N. W. 298; Geis v. Bechtner, 12 Minn. 279, Gil. 183.

GRACE, J. Appeal from the judgment and order of the district court of Ramsey county, Honorable C. W. Buttz, Judge.

This is an action where the plaintiff sued the defendant, Fred Lemke,

and at the same time garnisheed John W. Maher and the Imperial Elevator Company. The case came on for trial and resulted in a judgment for the plaintiff in the sum of $1,709.95.

Fred Lemke had theretofore purchased from John W. Maher certain lands in Ramsey county, North Dakota, aggregating 960 acres, for the sum of $19,200. The contract with reference to such purchase was in writing and was a purchase on the crop-contract plan; that is, one half of the crop raised upon the land each year, commencing with the year 1904, was to be turned over by Lemke to Maher, to be applied in reduction of the purchase price of said land and in accordance with the terms of the contract. There was a stipulation in the contract "that until the delivery of one half of the grain as aforesaid during each and every year of this contract, the legal title to, and ownership of, all of said grain raised during each and every year shall remain in the first party."

Maher admits in his affidavit of disclosure that this clause was intended as security for the purchase price of the land sold to Fred Lemke. Under the contract Fred Lemke also had the right to accelerate the payments of the purchase price. In the year 1909 there was raised upon the premises in question 9,085 bushels of wheat and 1,030 bushels and 30 pounds of barley, all of which grain was delivered to the elevator of the Imperial Elevator Company at Brocket, North Dakota, and storage tickets issued therefor in the name of John W. Maher.

The principal action was commenced on October 11, 1909, and the garnishee summons was served upon the garnishees on that date. Judgment was entered against Fred Lemke on December 17, 1912; and in September, 1914, about two years after the entry of such judgment, the plaintiff made a motion to procure an order directed against all persons mentioned in the affidavit of the Imperial Elevator Company, which is as follows:

This action having been instituted by the plaintiff, Brocket Mercantile Company, a corporation, against Fred Lemke, defendant, and the Imperial Elevator Company, a corporation, and J. W. Maher, as garnishees, and the garnishee Imperial Elevator Company having made its disclosure that there has been deposited in its elevator at

Brocket, North Dakota, 9,085 bushels of wheat, 1,031 bushels and 30 pounds of barley, for which storage tickets were deposited with the clerk of the district court, and that, by the deposit of said storage tickets with the clerk of this court, it delivers the grain so stored to the clerk of said district court to be held to abide the order of the district court in this action.

And said garnishee having stated by its disclosure that it supposed that the same belonged to John W. Maher and F. W. Havener, but that since said grain was stored various disputes and differences have arisen, and that said grain was being claimed by various other parties, and that the following-named persons have served notices of large and various claims to and against said grain: The Citizens Bank of Brocket, John W. Maher, B. Kennedy, John Bartley, J. S. Robinson, S. E. Martin, Allen Leith, Roy Havener, F. W. Havener, and Fred Lemke.

That by reason thereof this garnishee is unable to determine who of the said claimants are entitled to said grain, and that it desires that the said grain be distributed as the various claimants may agree or the court may decide, and the garnishee Maher claiming to hold said property as security only;

And it further appearing that judgment has been rendered against the defendant, Fred Lemke, for the full amount of plaintiff's claim in the sum of $1,709.95, but that no judgment was rendered against the garnishees or either of them, and that no proceedings were had in said garnishment, and that no part of said judgment has been paid.

Now therefore, said matter having been reargued upon the application of the plaintiff, the Brocket Mercantile Company, it is hereby ordered that the following-named persons: Citizens Bank of Brocket, F. W. Havener, A. F. Moravetz, John W. Maher, B. Kennedy, John Bartley, J. S. Robinson, S. E. Martin, Allen Leith, and Roy Havener be interpleaded as defendants to such garnishee action, and that notice thereof, with a copy of said motion and a copy of this order, be served upon each of the above-named persons, and that they and each of them have thirty days after service thereof to make answer in said garnishment proceeding, and that after determination of the rights of said claimants that the garnishee Imperial Elevator Company make delivery or payment according to the rights of the various named claimants. Dated this 19th day of June, 1915.

C. W. Buttz, Judge.

This order was not served upon any of the persons mentioned in the affidavit of the Imperial Elevator Company. That Fred Lemke, one of the persons mentioned in the order of the court, intervened, as also did William Lemke and B. W. Lemke, by permission of the court. The case was tried before a jury in the November, 1916, term of court of Ramsey county. At the trial, after plaintiff had rested his case, counsel for the defendant, garnishees, and interveners asked for a dismissal of the case, so far as it affected the garnishees, on the ground that there had been no issue taken on the affidavits made by John W. Maher and the Imperial Elevator Company, and that such affidavits became conclusive and effected a discontinuance of the garnishee action. It is conceded that no issue was taken on either the affidavit of John W. Maher or that of the Imperial Elevator Company.

It is clear there is but a single issue involved on this appeal; and that is, Had Fred Lemke at the time of the service of the garnishment summons upon the garnishees any garnishable interest in the grain? It is clear that, if he had no garnishable interest in such grain at such time, the court acted properly and legally in directing a verdict dismissing the garnishment proceedings against the garnishees and the interveners.

Maher, one of the garnishees, within thirty days after the service of the garnishment summons upon him, made and served upon plaintiff his affidavit of disclosure. Such affidavit states in substance that the affiant was in no manner and upon no account indebted to or under liability to the defendant, and did not then have in his possession or under his control real estate, personal property, effects, or credits of any description belonging to the defendant, or in which defendant had any interest; and further states that the garnishee is in no way liable in the action. Such affidavit further refers to the land contract between the affiant and the defendant with reference to the sale of the land heretofore described, and the affiant further states that the defendant was indebted to the affiant for the purchase price of the land, to secure which the legal title to the crops grown on said land were claimed to be held by the affiant, and that the crop under consideration was stored in affiant's name with the Imperial Elevator Company. The affidavit of the Imperial Elevator Company was made on their behalf by J. F. White, then the secretary of the Imperial Elevator Company,

a corporation, with headquarters in Minneapolis, Minnesota. The substance of such affidavit is that the Imperial Elevator Company operates an elevator or warehouse at Brocket, North Dakota. That during the fall of 1909 there were deposited 9,085 bushels of wheat, 1,031 bushels and 30 pounds of barley, in said elevator, for which storage tickets were issued. The affiant further states that the grain was grown in the year 1909 upon the land in question, being the same land as is described in the land contract between Maher and Fred Lemke. Affiant further states that at the time of the storage and deposit of said grain it was supposed by the affiant, and by all of the officers of said elevator company, that the same belonged to and was the property of F. W. Havener and John W. Maher. That since said grain was so stored and deposited various disputes and differences have arisen, and that the said grain and the proceeds thereof are now claimed by various other and outside parties as well as by the persons named, either in whole or in part, and that such claims are adverse to each other. The affiant further disclaims any personal interest in such grain other than to deliver the same or pay the proceeds to the person or persons rightfully and legally entitled to receive the same; and claims further that the company was merely bailee or custodian of such property, but was unable to determine to whom such property rightfully belonged, or who was entitled to the possession or payment therefor. Affiant further states that the following-named persons served notice upon the said elevator company, of large and varied claims which such persons alleged they held against such grain, such as mortgages, threshers' liens, and labor liens: The Citizens Bank of Brocket, North Dakota; F. W. Havener; A. F. Moravetz; John W. Maher; B. Kennedy; John Bartley; J. S. Robinson; S. E. Martin; Allen Leith; Roy Havener; and Fred Lemke; and others whose names and postoffice addresses were unknown to the affiant or to the said elevator company. The affidavit further recited the recovering of a judgment by the plaintiff against the defendant in the sum of $1,400. The affiant further states in substance that the elevator company and its officers are wholly unable to determine who of said numerous parties are entitled to said grain or its proceeds, either in whole or in part, and therefore, and herewith, deposit with the clerk of the district court in and for Ramsey county, North Dakota, being the county in which said action is pending, each

and all storage tickets issued for, and representing, the said grain in dispute, and by such deposit deliver the said grain to the said clerk of the said district court to be held to await and abide the order of the district court in said action, or to be distributed as the parties interested may agree or the court may decide.

It is conceded that the plaintiff never took any issue with the statements, allegations, or matter set up in either of the foregoing affidavits, and hence it must follow as a matter of law that all of the statements in each of the affidavits are conclusive of the truth of the facts therein stated. This is in harmony with § 7578, Comp. Laws 1913. Maher in his affidavit denied any indebtedness whatever to Fred Lemke, and denied that he had real estate, personal property, money, or effects under his control belonging to him. This statement in such affidavit, with which no issue is taken within the time and in the manner required by law, would seem to be almost conclusive against the appellant's position, if the effect is to be given such words as is required in the section to which we have just referred.

Another statement in such affidavit is that the affiant holds legal title to certain land and legal title to the crops grown on such land as security for the purchase price. Without stating at this time whether or not the affiant had the legal title, it is sufficient to say he at least had security on all the crops grown on said land for the purpose of securing the purchase price of such land. The appellant took no issue with this statement, and in accordance with § 7578, where such facts are contained in the answer of the garnishee, they shall in all cases be conclusive of the facts therein stated, unless the plaintiff within thirty days serves written notice on the garnishee that he takes issue upon his answer, in which case the issue shall stand for trial as a civil action in which the affidavit on the part of the plaintiff shall be deemed a complaint and the garnishee affidavit the answer thereto.

Referring to the affidavit of the Imperial Elevator Company, it will be noticed that it admits the receiving of all the grain in question. It shows that it was grown upon the land in question, and that all of said grain is claimed to be owned by certain particular persons, naming them.

Section 7582, Comp. Laws 1913, was enacted no doubt for the purpose of meeting just this kind of condition. It reads as follows:

"When the answer of the garnishee shall disclose that any other person. than the defendant claims the indebtedness or property in his hands,. and the name and residence of such claimant, the court may on motion order that such claimant be interpleaded as a defendant to the garnishee action; and that notice thereof, setting forth the facts, with a copy of such order, in such form as the court shall direct, be served on him, and that after such service shall have been made, the garnishee may pay or deliver to the officer or the clerk such indebtedness or property, and have a receipt therefor, which shall be a complete discharge from all liability to any party for the amount so paid or property so delivered. Such notice shall be served in the manner required for service of a summons in a civil action, and may be made without the state or by publication thereof, if the order shall so direct. Upon such service being made, such claimant shall be deemed a defendant to the garnishee action and within thirty days shall answer, setting forth his claim, or any defense which the garnishee might have made. In case of default, judgment may be rendered which shall conclude any claim upon the part of such defendant."

It will be noticed that if, from the answer of the garnishee, it appears that any other person than the defendant claims the property in his hands, the court may require such claimants to be interpleaded as defendants in the action, and that notice thereof setting forth the facts, together with a copy of such order, shall be served upon the person so interpleaded; and that, after such service shall have been made, the garnishee may pay or deliver to the officer or clerk the property or money under his control, and take a receipt therefor, which shall be a discharge from further liability to any party for the property so delivered. It is to be further observed that the service of such notice and order must be made in the same manner as the summons in a civil action. After the service being had, the claimant shall be deemed a defendant in the garnishment action, and shall have thirty days in. which to answer, setting forth his claim and defenses. It appears from the record that the court did make an order that the claimants, mentioning them, should be interpleaded; but it nowhere appears that, notwithstanding the making of such order, the same was served upon the claimants or any of them. No steps having been taken on the part of the appellant to serve the notice and order of the court, the claimants

were never interpleaded. It will be noticed by the affidavit of the Imperial Elevator Company that at the time of the storage and deposit of said grain it supposed and believed that such grain belonged to Havener and Maher, but that, since the grain was stored and deposited, said grain and the proceeds thereof were claimed by various other and outside parties as well as by the persons named, either in whole or in part. The failure of the appellant to take issue upon this affidavit is in effect, under § 7587, an admission of the truth of all such statements. The failure of the appellant to take issue with the affidavit of the Imperial Elevator Company was to admit all the facts therein stated. The appellant therefore admitted that Maher and Havener and the claimants therein mentioned were the owners of the grain described in the affidavit, or, as the same is termed in law, the answer of the garnishee. Having failed to take issue on such affidavit or answer within the time specified by law, the appellant was without legal right to apply to the court for an order to interplead the claimants mentioned in the garnishees' answer. The thirty-day period within which they must take issue on the garnishees' answer is a period of limitation, and unless action is taken within the thirty-day period, which is allowed to take issue upon the answer of the garnishees, such right is lost. The thirty-day period is the only time in which the appellant had the right to commence what would be termed an action against the claimants, even if it be conceded, for the sake of argument, that the order of the court was valid. In other words, before the plaintiff could make the motion and procure the order of the court interpleading the claimants, it must appear that within the thirty-day period he took issue upon the matters, or some of the matters, stated in the affidavit or answer of the garnishee. Otherwise, the statements or matters set forth in the affidavit must be taken as true, or, in the words of § 7578, "the answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated, unless the plaintiff shall within thirty days serve upon the garnishee a notice in writing, that he elects to take issue on his answer."

The affidavit or answer of the garnishee, the Imperial Elevator Company, disclosed that part of all of the property was so claimed by certains claimants, naming them, and also referred to others (claimants) whose names and postoffice addresses were unknown to the affiant or to

said elevator company. The record discloses the amount and character
of such claims, they consisting of chattel mortgages, seed liens, and
labor liens, which were filed at the time of the garnishment summons,
and the total sum of which claims, which were filed at the time of the
service of the garnishment summons, equaled or exceeded the value of
the share of Fred Lemke in such grain, if he had any such share of
crop.

The answer of the appellant to the complaint in intervention admits
that the mortgages and liens described in paragraph 2 of the petition
in intervention are filed in the office of the register of deeds of Ram-
sey county in the amounts and at the dates specified therein. Para-
graph 2 of the complaint in intervention sets forth a memorandum of
all such liens and the date of filing of the same in the register of deeds'
office, all of which dates of filing are conceded by the answer to be correct.
It appears therefrom that all of such liens were filed prior to the serv-
ice of the garnishee summons, and, as before stated, the total sum of
all such liens exceeds Fred Lemke's alleged half share or interest in
all of such crops or grain. As we have noticed, all of these liens were
on file in the office of the register of deeds at the time the garnishment
summons was served on the Imperial Elevator Company, and the
affidavit or answer of the elevator company sets forth the names of the
various claimants to part or all of the crop, as well as referring to other
claimants. No action having been taken upon such affidavit or answer,
and no action having been taken to determine the validity of any of
said liens, and no action having been taken to set them aside, as void
or as being without any consideration, or for any other cause, they
must be held, so far as this record appears, to have been legal and valid
claims, and their validity cannot be attacked collaterally. If the appel-
lant desired to test the validity of such claims, he should have taken
issue on the answer of the Imperial Elevator Company as garnishee
within thirty days, procured the order of the court interpleading all
such claimants, and then have served the notice and order of the court
upon each of said claimants, and proceeded against them and each of
them to determine the validity of each of their claims in a proper action
against them and each of them. Having failed to take issue upon the
affidavit or to bring action against any of such claimants to determine
the validity of their claims, such claims and liens must be held to have

been valid and binding, and they are not now subject to collateral attack. The liability or nonliability of the garnishee is fixed and determined by the facts as they existed at the time of the legal service of the garnishment summons and papers. If at such time the garnishee was liable, his liability continues, and is of the same nature and effect as it was at the time of the service of the garnishment. His liability can neither be increased nor diminished regardless of events subsequent to the time of garnishment. If at the time of the service of the garnishment upon the garnishees he was not indebted to the defendant, or if the whole amount of property, money, or effects in his hands are equaled or exceeded by the sum of other prior valid liens thereon, it is apparent that the garnishee has nothing which can be procured by plaintiff in his garnishment proceedings to apply upon the plaintiff's debt, and if the garnishee discloses fairly and truthfully all the facts and sets out in its affidavit, such as that all of such property is claimed by other claimants, and no issue is taken upon such answer or affidavit, and no action is properly, timely, and legally maintained by the plaintiff against the claimants to determine the validity or invalidity of their claims, it must be assumed that all such prior liens are legal, and, if the sum of them exceed the amount of property in the hands of the garnishee, then it must be held that there is no liability on the part of the garnishee, and he ought to be discharged.

The appellant's offer of proof in regard to the sale of the grain by the Imperial Elevator Company on the 16th day of January, 1910, was properly excluded. The question is, or would have been had the appellant taken the proper procedure, What was the liability of the Imperial Elevator Company, if any, at the date of the service of the garnishment summons? Whatever their liability was at that date, if any, was *all* their liability, and their liability could not be increased or diminished by subsequent events. Second Nat. Bank v. Williams, 112 Mich. 564, 71 N. W. 150; Edwards v. Roepke, 74 Wis. 571, 43 N. W. 554; Rood, Garnishment, p. 68.

Considering another branch of this case, we find it appears from the testimony, and it is undisputed, that Fred Lemke leased the land in question for the year 1909 to Havener. It is conceded under the contract for the sale of the land that Maher was entitled to one half of the crop, and that Fred Lemke was entitled to the other half of the crop

39 N. D.—4.

upon the performing of the covenants of contract. Lemke having leased the land, the half of the crop which he would have received, assuming that he had performed his part of the contract, must necessarily have gone to Havener, the lessee. If, therefore, Maher was entitled to one half of the crop for 1909, and Havener was entitled to the other half of the crop for 1909, Fred Lemke was not entitled to, and could not have received under this arrangement, any part of the crop for the year 1909, and at the time of the garnishment could not, therefore, have had any garnishable interest.

The interveners in the complaint claim that half of the crop that would have belonged to Fred Lemke, if he were entitled to any portion of such crop for said year, was applied in payment of the chattel mortgages, seed liens, and labor liens from 1 to 10 inclusive, as set forth in the complaint of intervention. The interveners claimed to have purchased and taken over by assignment the interest of Havener and Fred Lemke. These allegations in the complaint are denied by the answer, and the answer also denies that certain liens, mentioning them by number, as set out in the complaint of intervention, are paid. There is no testimony on any of these matters, and we do not regard it necessary to decide all of such matters in view of the state of the record and the lack of testimony. We are of the opinion that the plaintiff and appellant is bound by the conditions as they existed at the time of the serving of the garnishment, and having taken no issue on the answer of the garnishees, as we have before fully shown, the garnishment action was properly dismissed. We are of the opinion there is no doubt but what Fred Lemke, except for the lease to Havener under the contract, had a half interest in the crops raised upon the land in question after delivering free of all expense and charges the one half of all such crops to Maher; and if there were no liens of any kind against the crops, and if he had not leased the land to Havener, Fred Lemke's share of the crops would have been a garnishable interest; but it clearly appears from the record that at the time of the garnishment the chattel mortgages and liens of various kinds against the crops from the land were in excess of the total value of the crop in question, and that the land was for the year 1909 leased to Havener. This being true, Fred Lemke at the time of the garnishment had no interest in such crop which was garnishable. His interest, if any, was all consumed by prior liens. This would be

true even if it were conceded that half of the crop was Lemke's; but it appears from the testimony conclusively that Havener leased the land from Lemke for the year 1909, so that necessarily he would have been entitled to take Lemke's half of the crop. Havener was not garnisheed, and there was nothing to prevent either him or Fred Lemke from assigning their interest in the crop to the interveners.

The record as a whole is not very satisfactory. The testimony is very limited. But on the whole record, and in view of the law that the liability of the garnishee is fixed at the time of the service of the garnishment, we are of the opinion that the court was right in ordering a dismissal of the garnishment proceedings.

The judgment and order of the court appealed from are therefore affirmed.