C. A. BRONSON, Appellant, v. WILLIAM M. CHAMBERS and Lester Chambers, Defendants.
LORAN STOUT, Garnishee, and ALFRED N. OLSON and Walter Wales, Garnishee Defendants and Respondents.

(200 N. W. 906.)

**Garnishment — right of garnishing creditor measured by judgment debtor's right in property at garnishment.**

1. The right and interest of a judgment creditor who garnishes, to and in money owed by the garnishee and by him deposited with the clerk of court pursuant to the statute, is measured by the right and interest of the judgment debtor in such indebtedness at the time of the garnishment.

**Contracts — construction of parties may be looked to, where contract ambiguous.**

2. Where a contract is ambiguous and it is impossible to ascertain the intention of the parties thereto from the writing alone, the subsequent acts of the parties showing the construction they put upon the agreement themselves may be looked to by the court.

Note.—(2) Consideration of construction of contract by parties, see 6 R. C. L. 852; 2 R. C. L. Supp. 227; 4 R. C. L. Supp. 446; 5 R. C. L. Supp. 373.

51 N. D.—47.

Opinion filed November 17, 1924.

Contracts, 13 C. J. § 482 p. 521 n. 18, p. 523 n. 19, 24; § 485 p. 524 n. 29; § 514 p. 543 n. 32; § 517 p. 546 n. 54. Garnishment, 28 C. J. § 336 p. 241 n. 27, p. 242 n. 30; § 339 p. 243 n. 43.

Appeal from the District Court of Mountrail County, *Moellring,* J. From a judgment for the garnishee defendants the plaintiff appeals. Affirmed.

*C. N. Cottingham,* for appellant.

*F. W. Medbery,* for respondents.

NUESSLE, J. In the fall of 1920 Chambers owned a threshing machine. He hired an engine by the day, procured a crew and set out to thresh in his community. He entered into contracts to thresh the crops of various farmers and on September 8th, under a contract entered into with Stout, the garnishee herein, moved to Stout's farm with his outfit and began threshing. The respondents Olson and Wales were his separator man and engineer. Chambers was in financial difficulties and unable to pay his crew on account thereof. So, on the evening of September 8th, he and the respondents Wales and Olson went to a notary public who wrote out an agreement for them which they all signed. This agreement reads:

"Sanish, North Dakota. September 8th, 1920.

This agreement made and entered into, by and between Mac Chambers here and after called party of the first part and Alfred Olson and Walter Wales hereafter called parties of the second part Witness that said parties of the second part, for the consideration of $30.00 thirty and no/100 per day to be paid by said party of the first part agree to well and faithfully operate the threshing machine belonging to the party of the first part during all of the threshing season of 1920.

Parties of the second part to have full control of said machine, make all collections and pay all expenses, and all earnings of said machine over and above expenses shall be turned over to the party of the first part.

Mac Chambers,
Walter Wales,
Alfred N. Olson."

Immediately thereafter Chambers turned the machine over to Wales and Olson and threshing was continued. Stout's job was finished September 10th. Chambers, however, was about the machine off and on and solicited threshing jobs from various other parties. On the 15th of September the separator was seized by one of Chambers creditors, threshing was discontinued, and on September 18th Bronson, the plaintiff and appellant, began an action against Chambers and garnished Stout. Stout answered setting out that he was owing on account of the threshing done for him but that the money for such threshing was claimed by the respondents Wales and Olson. Thereupon an order was made by the court interpleading Wales and Olson as garnishee defendants and the amount of the indebtedness of Stout was paid by him into court under the provisions of § 7582, Comp. Laws 1913. Thereupon, Wales and Olson answered and claimed the money so deposited, under and by virtue of the contract heretofore set out and which they had entered into with Chambers. To this answer the appellant made reply denying the claim. On the issues as thus made, the case was tried to the court who made findings of fact and conclusions of law and ordered judgment in favor of the respondents Wales and Olson. From the judgment entered on such order appellant brings this appeal to this court.

It will thus be seen that the only issue for determination is that touching the question as to whether the indebtedness of Stout for the threshing was owing to Chambers, the judgment debtor, or to the respondents Olson and Wales. Appellant can have no other or greater right to the money owed by Stout and by him deposited with the clerk than Chambers himself had on the 18th day of September at the time that the garnishee summons was served. The right of the appellant to, and his interest in, such funds must be measured by the right and interest that his judgment debtor, Chambers, had therein at the time of the garnishment. See State Bank v. Schultze, ante, 66, 199 N. W. 138; Brocket Mercantile Co. v. Lemke, 39 N. D. 37, 166 N. W. 800; Hatcher v. Plumley, 38 N. D. 147, 164 N. W. 698 and cases cited; International Harvester Co. v. Hanson, 36 N. D. 78, 161 N. W. 608.

On the trial various witnesses were called on both sides. Chambers himself was a witness. He testified fully as to the transactions between himself, Wales, Olson, Stout and others. He disclaimed any interest

in and to the earnings of the threshing outfit, excepting those in excess of the expenses incurred in doing such threshing, and especially disclaimed any interest in the threshing account due from Stout. The trial court made findings of fact in which he found the facts to be as hereinbefore stated; and further found that on the 9th day of September, immediately after the making of the agreement, Chambers advised Stout thereof and that he had leased and turned over the said threshing outfit to Olson and Wales; that Chambers told Stout that Olson and Wales had the right to collect for the earnings of the machine thenceforward and that he (Chambers) had no further interest in such earnings except under such contract; that Olson and Wales continued to thresh with said outfit for Stout and that Stout consented to and permitted the threshing by them; that subsequently and after the threshing was finished Stout paid to Wales a portion of the thresh bill and that the amount deposited by Stout with the clerk of court was the balance remaining unpaid on account thereof; that a much greater sum than the amount so deposited remained due and unpaid in the way of expenses for labor and engine hire on account of the running of said outfit at the time of the beginning of this action and at the time of the trial was still unpaid and there were no other funds available to pay the same. The court held, as a conclusion of law, that the garnishee Stout was in no manner indebted or liable to Chambers and that the respondents Olson and Wales were entitled to the money deposited by the garnishee Stout with the clerk of court and ordered judgment accordingly.

The appellant complains of these findings by the trial court. There is more or less conflict in the testimony of the various witnesses. We are of the opinion, however, that the record amply sustains the findings and that they should not be disturbed. We do not believe it necessary to discuss the testimony at length.

Appellant contends further that the conclusions of law, as made by the trial court, are not warranted by the findings; that the written agreement in question speaks for itself and must control. He contends this writing is simply a contract for hire made by Chambers with Wales and Olson for their services and that it does not amount to a leasing or hiring of the outfit by Wales and Olson from Chambers; that it simply

fixed the wages to be received by Wales and Olson and that they had no further right to the earnings of the machine.

The writing is inartificially drawn. It is difficult to ascertain from its terms what the intent of the parties was at the time that it was entered into. It must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of the contract so far as the same is ascertainable and lawful. See § 5896, Comp. Laws, 1913. "When a contract is reduced to writing the intention of the parties must be ascertained from the writing alone if possible, subject, however, to the other provisions of this article, (§§ 5895–5921, inclusive)." Comp. Laws 1913, § 5899. It may be explained by reference to the circumstances under which it was made and the matter to which it relates. Comp. Laws 1913, § 5907. And where a contract is ambiguous and it is impossible to ascertain the intention of the parties thereto. from the writing alone, the subsequent acts of the parties showing the construction they put upon the agreement themselves may be looked to by the court and in some cases may be controlling. See Janssen v. Muller, 38 S. D. 611, 162 N. W. 393; Williston, Contr. § 623. and cases cited; 13 C. J. 542–546. In this case the parties construed the contract as giving to Wales and Olson the right to the use and control of the machine and to the earnings thereof to the exclusion of Chambers. This construction was put upon it prior to the initiation of the garnishment action. Stout was so advised by Chambers, and in accordance with that construction paid a portion of the thresh bill to Wales. As between Chambers on the one hand and Wales and Olson on the other, Chambers had no claim to the money owing by Stout for the threshing. The appellant can stand in no better position than Chambers. The trial court was, therefore, right in ordering the judgment appealed from and it must be affirmed. It is so ordered.

BRONSON, Ch. J., and BIRDZELL, JOHNSON, and CHRISTIANSON, JJ., concur.