EVANS, Respondent, v. HEATON, et al, Appellant.

(233 N. W. 281.)

(File No. 6586. Opinion filed December 5, 1930.)

*Willy & Dyer,* of Platte, and *G. M. Caster,* of Lake Andes. for Appellant.

*J. E. Tipton,* of Lake Andes, for Respondent.

BROWN, P. J. ██ ██ This case was before us on a former appeal from a judgment in favor of plaintiff, and the opinion reversing the judgment is found in 49 S. D. 587, 207 N. W. 659. Before the cause was retried, W. H. Heaton died, and the new trial proceeded against Charles Heaton alone. The evidence on the second trial was substantially as set out in the opinion of this court on the former appeal. On the second trial the jury found a verdict for plaintiff upon all the issues, against the defendant Charles Heaton, and assessed his damages at $1,040 with interest from June 15, 1919, and from judgment on the verdict and an order denying a new trial defendant appeals. Appellant contends that the contract of employment of plaintiff to find a purchaser for the ranch was too vague and indefinite as to terms of payment required of the purchaser to enable plaintiff to recover commission

unless the purchaser was ready, able, and willing to pay the entire purchase price of $60,000 in cash. The court instructed the jury that appellant would not be liable for any commission unless he knew of the contents of the two letters set out in the opinion on the former appeal (see 49 S. D. page 589, 207 N. W. 659), and consented thereto. The verdict of the jury in favor of plaintiff on all the issues is a finding that appellant did know, and consented to, what is contained in those letters and that therefore the following sentences in the letter of June 10, 1919, signed by W. H. Heaton, was known to and concurred in by appellant: "Now for terms, a small payment down, enough to make a safe deal. Will leave the man entirely to you." Defendant is as much bound by this letter and the quoted sentence in it as if he had written and signed it himself, and the question therefore arises: Is plaintiff entitled to recover the stipulated commission of $1 an acre if he produced a purchaser ready, willing, and able to make a small payment down, enough to make a safe deal, where the exact amount of the down payment is not specified and no details are given as to the length of time the balance shall run or the rate of interest it shall draw. It will be observed that whatever vagueness existed in the terms of the contract was caused by appellant, and therefore construction should be most strongly against him. It should further be observed that he at no time prior to being sued made any objection that the terms of the contract were vague and indefinite, and that therefore he was not bound. On the contrary, the testimony is that when Mr. Fedderson said he would take the place at $60,000 and pay $10,000 down, or whatever they wanted, the Heatons made no objection to this amount being insufficient and said nothing about the length of time the balance should run or the rate of interest it should draw, but said they wanted time to think it over, and that the next day they saw plaintiff and told him that they had concluded not to sell. In Owl Canon Gypsum Co. v. Ferguson, 2 Colo. App. 219, 30 P. 255, it is held that where a broker is authorized to sell property and terms of payment are not named, he earns his commission by finding a purchaser ready to pay part down and the balance after inspection of the property and the title, and in Andrews v. Waldo (Cal. App.) 265 P. 532, where a vendor's offer to sell realty merely called for a note secured by mortgage, the broker was authorized to make such indefi-

nite offer clear by providing for a note and mortgage running for a term of three years.

In Smith v. Keeler, 151 Ill. 518, 38 N. E. 250, where the owner of land orally authorizes a broker to sell at a specified price payable "partly in cash and partly on time," a sale, providing for slightly more than one-third of the price payable in cash and the residue one-half in three years and one-half in five years with interest at 6 per cent. secured by a mortgage on the land, was held to be within the discretion of the broker; and in Edmundson v. Phenix, 146 Minn. 331, 178 N. W. 893, where defendant agreed to pay plaintiff a fixed commission on the sale of land at a specified price with a sufficient cash payment to secure him on the sale, and the balance at 5 per cent for five years or maybe longer, the broker earned the commission on procuring a purchaser willing to buy and pay one-third down and the balance at 5 per cent payable at different periods within five years. We think the principle announced in those decisions entitled plaintiff to recover the stipulated commission in the present case if he procured a purchaser willing to pay whatever down payment defendant asked on the contract, and was ready to make a note and mortgage for the balance. That the duration, rate of interest, and terms of the note and mortgage to be given were not specified was due to the action of defendant himself and cannot be urged as a ground for depriving the broker of his commissions if he produced a purchaser able, ready, and willing to execute such note and mortgage as defendant might reasonably demand. Calabrese v. Adelman, 145 A. 635, 7 N. J. Misc. R. 406. Instead of naming any terms for the note and mortgage, defendant without assigning any reason refused to sell on any terms. In California Land Security Co. v. Ritchie, 40 Cal. App. 246, 180 P. 625, 628, it is said:

"It has been held, upon the soundest of reason, where a broker has negotiated a sale of real property to a purchaser able, ready, and willing to take and pay for the property, and any of the terms of the contract as to payment, abstract or deed are unsatisfactory to the intending vendor, the latter should object to them on that ground and not refuse absolutely to sell; and that, where he fails to make such objection * * * he will be held liable to the broker negotiating the sale for his commissions if he refuses to accept the purchaser. Smith v. Keeler, 151 Ill. 518, 38 N. E.

250; Fenn v. Ware, 100 Ga. 563, 28 S. E. 238; Donley v. Porter, 119 Iowa, 542, 93 N. W. 574; Blood v. Shannon, 29 Cal. 393; Fiske v. Soule, 87 Cal. 313, 25 P. 430."

On cross-examination of plaintiff, defendant asked this question: "And he (Fedderson) did not come prepared to make any of the payments, did he, at the time you say he was out and was able to buy?" This was objected to by plaintiff's counsel as "immaterial, and counsel for defendant has brought out these questions as to his being ready, willing and able to buy, and he is now estopped from trying to impeach his own cross-examination." On direct examination plaintiff had given no testimony as to the ability, readiness, and willingness of Fedderson to buy, but defendant's counsel had asked plaintiff on cross-examination if Fedderson was ready, willing, and able to buy, and was answered in the affirmative. Then came the question objected to. The court on the objection being made said, "I think we had better pass this question for the present and let the matter stand as it is until the plaintiff rests," whereupon defendant's attorney made an offer of proof in substance offering to prove by the witness on cross-examination that Fedderson did not come to Charles Mix county prepared to make any purchase of the Heaton Ranch, and had no means or money with him, and if he had made any purchase he would have been compelled to depend upon his ability to borrow money, and had no person in view from whom he could have borrowed it except a person by the name of William Leary, residing in the vicinity of Platte. To this offer plaintiff objected that it would not be cross-examination, and that defendant having made plaintiff his own witness on cross-examination as to the ability of the purchaser to buy is estopped from now impeaching such evidence. The offered proof was clearly not proper cross-examination, and might well have been denied on that ground alone. The court inquired of plaintiff if defendant's offer of proof could be established by plaintiff's testimony, but before an answer was given plaintiff's counsel withdrew his objection, whereupon the court said, "This matter will be passed at present and ruling reserved until the conclusion of the case in chief." Defendant's counsel offered no further evidence on the point and made no request to either further cross-examine plaintiff or to examine him as an adverse witness on defendant's case. As we have already observed,

the question objected to and the offer of proof was clearly not proper on cross-examination, and besides, where a ruling on an objection to evidence is reserved, if it is not renewed and the court's attention directed to it, the objection will be deemed waived. 26 R. C. L. 1055, § 61; Ross v. Mutual Life Insurance Co., 154 Minn. 186, 191 N. W. 428, 31 A. L. R. 46. All other assignments have been considered, but we do not find a prejudicial error.

The judgment and order appealed from are affirmed.

SHERWOOD and BURCH, JJ., concur.

POLLEY and CAMPBELL, JJ., dissent.

POLLEY, J. (dissenting). I do not think any binding contract was ever made by plaintiff and defendant, nor, if a contract was made by them, that plaintiff performed his part of such contract.