HUFFMAN, Respondent v. SHEVLIN, Appellant

(72 N.W.2d 852)

(File No. 9415. Opinion filed November 15, 1955)

**Vernon Williams** and **Elmer Thurow,** Aberdeen, for Defendant and Appellant.

**Hyde & Lockington** and **Philo Hall,** Aberdeen, for Plaintiff and Respondent.

RENTTO, J. Plaintiff was the owner of various articles of farm machinery and equipment, and a supply of parts therefor, acquired by him in the operation of a farm equipment business at Aberdeen, South Dakota. On November 1, 1949 as party of the first part he entered into the following agreement with the defendant, who was then operating a delivery service in Aberdeen, as party of the second part.

"Witnesseth, That whereas the parties hereto entered into an agreement dated the first day of November, 1949 by the terms of which they agreed to engage the business of buying and selling farm implements, machinery and equipment and to carry on a general farm implement business in the City of Aberdeen, South Dakota, and among other machinery and equipment, to handle Ferguson tractors, farm implements and equipment and that said business should be carried on under the name of John B. Shevlin Implement Co.

"It Is Further Agreed that the party of the second part agrees to purchase the interest of the party of the first part of said business by paying the party of the first part any

amount he can on the first of any month, plus six (6%) per cent interest from November 1, 1949, payable monthly, and when machinery or merchandise is sold, that he shall pay to the party of the first part the cost of such machinery and merchandise delivered at Aberdeen, South Dakota.

"It is Further Agreed That all farm machinery, merchandise and equipment and the proceeds thereof shall belong to the party of the first part until the party of the second part has paid the full amount of money that the party of the first part has advanced and but (put) in said business, with interest at six (6%) per cent, payable monthly on the same."

The agreement was drafted by the plaintiff who is neither a lawyer nor one experienced in the drafting of agreements. It is apparent from the record that the parties negotiated for some period of time before this writing was entered into. During the negotiations an inventory was prepared listing all of the property by items. This was acceptable to both parties. After the agreement was entered into all of the farm machinery, equipment, and parts therefor, including the bins in which the parts were kept, were moved to the defendant's place of business. In the course of his business defendant sold many of the items and placed the proceeds of these sales into his firm bank account, which could be drawn on only by the defendant and his bookkeeper. The amounts which plaintiff was to receive on these sales were not paid to him. Defendant purchased and paid for new parts as the same were needed in his business and intermingled these with the old parts previously obtained from the plaintiff. Six monthly payments of interest under the agreement were paid by defendant. Five or six months after the agreement was entered into a quantity of the equipment taken over from the plaintiff under the agreement was returned to the suppliers and defendant was given credit for it. Shortly before this action was commenced on October 4, 1951 plaintiff permitted defendant to return various items of equipment and credited his account accordingly.

Independent of this agreement the parties entered into another agreement under which plaintiff financed defendant in his purchase of additional equipment by paying to the

supplier the invoice price of the equipment as furnished, and taking defendant's notes for the sums so advanced bearing interest at 6%. The present action is in three counts. The first count seeks recovery of the amount due under the agreement of November 1st. The second count involves the promissory notes executed by defendant under the arrangement above described. The third count concerns the sale of a piece of office equipment by plaintiff to defendant. The action was tried to the court without a jury in June 1953. Judgment for plaintiff was entered on all three counts. This appeal concerns only that part of the judgment entered on count one.

As a defense to the first cause of action defendant claimed that he did not buy the items referred to. It was his position that they were delivered to him on a consignment basis and that he was not liable for the unsold items still in his possession. As to the items sold he claimed he was entitled to credits not allowed by plaintiff, including a commission on the sale of parts made by him, and compensation for his work and services in putting the equipment and parts into a salable condition. In its decision the trial court found that the parties entered into a contract of sale; determined the items sold and the price agreed to be paid therefor; disallowed the credits claimed by defendant; and determined the amount due the plaintiff.

We have examined the evidence with care and believe there is ample support therein for the findings of the court. It is true that as to the matters involved in the findings above referred to the evidence is in conflict. It was for the trial judge to resolve those conflicts. We cannot say that the trial court was not justified in accepting plaintiff's version of the transaction nor are we able to say that the evidence clearly preponderates against the findings made. Consequently we may not disturb the court's findings. Bogue v. Clay County, 75 S.D. 140, 60 N.W.2d 218. In addition to the facts above set out the evidence shows that plaintiff was not active in the management of the implement business carried on by defendant. He did not establish any of its policies and did not share in its profit. His only interest in the business was to finance it and get a return of 6% as

interest on his investment. The defendant bought all of the new equipment and parts and plaintiff had nothing to do with determining what purchases or sales were to be made. The employees in the business were employees of the defendant.

■ Appellant in his brief and in argument before this court contends that the agreement of November 1st is void because its terms are uncertain as to essential elements. In this regard he complains that it fails to describe the property sold, fix a purchase price or designate a definite period of time in which the purchase price was to be paid. His position would be well taken if the writing of November 1st were the only admissible manifestation of the agreement between the parties. A trier of fact, considering only this instrument, could not ascertain the intention of the parties concerning the features complained of. As to them the writing is ambiguous and its meaning doubtful.

■■ The primary rule in the construction of contracts is that the court must, if possible, ascertain and give effect to the mutual intention of the parties. 17 C.J.S., Contracts, § 295; 12 Am.Jur., Contracts, § 227. If the intention of the parties is not clear from the writing, then it is necessary and proper for the court to consider all the circumstances surrounding the execution of the writing and the subsequent acts of the parties. Janssen v. Muller, 38 S.D. 611, 162 N.W. 393. The construction given by the parties themselves to the contract as shown by their acts, if reasonable, will be accorded great weight and usually will be adopted by the court. 17 C.J.S., Contracts, § 325; 12 Am.Jur., Contracts, § 249; Williston on Contracts, Rev.Ed., Vol. 3., § 623; Restatement, Contracts, § 235; Janssen v. Muller, supra.

■ The writing describes the property sold as "the interest of the party of the first part of said business". This description is ambiguous. However it is clear that the parties by the preparation, acceptance and reliance upon the inventory construed this phrase to mean the items of property set forth in the inventory. We believe this to be a reasonable construction and one which the trial court was warranted in adopting. The ambiguous description in the

writing was subject to explanation by reference to the inventory. Clark v. Bergen, 75 S.D. 48, 59 N.W.2d 250.

■ ■ Appellant's second complaint is that the writing of November 1st fails to fix a purchase price for the items claimed to be sold. Concerning this matter the legislature of this state in SDC 54.0109 has provided as follows:

"(1) The price may be fixed by the contract, or may be left to be fixed in such manner as may be agreed, or it may be determined by the course of dealing between the parties. * * *

"(4) Where the price is not determined in accordance with the foregoing provisions, the buyer must pay a reasonable price. What is a reasonable price is a question of fact dependent on the circumstances of each particular case."

The price to be paid for the property sold is not spelled out by the agreement of November 1st. It is clear from the writing that when appellant sold any of the machinery or merchandise he was to pay respondent "the cost of such machinery and merchandise delivered at Aberdeen, South Dakota". That this is what the seller was to get for his property is emphasized by the next paragraph of the writing wherein it is stated that the seller retained title to the property until the appellant "has paid the full amount of money that the party of the first part has advanced and but (put) in said business, with interest at six (6%) per cent, payable monthly on the same". However when appellant took possession of the property an exhibit was prepared listing the various items and their cost to the seller delivered at Aberdeen. He was furnished this information. The prices listed on the exhibit were admissible to explain the ambiguous statement of this feature in the writing. This evidence revealed the construction given by the parties to this portion of the agreement. We believe the trial court properly found that the total price as reflected in the exhibit was the price agreed on by the parties to be paid for the items listed therein. Two of the items of property taken over by the appellant do not appear on the exhibit. As to them the trial court allowed the seller to recover their reasonable value.

Appellant's remaining complaint concerns the failure of the writing to fix a definite time within which the purchase price must be paid. Concerning this feature the writing provides that when any of the merchandise or machinery is sold the buyer shall pay to the seller "the cost of such machinery and merchandise delivered at Aberdeen. South Dakota". Other payments were to be made by the buyer "by paying the party of the first part any amount he can on the first of any month, plus six (6%) per cent interest from November 1, 1949, payable monthly". Admittedly these phrases, if they spell out anything, provide an indefinite schedule as to the time of payments. We are of the view that this is one of the situations provided for by SDC 10.0107. That section so far as here material provides: "If no time is specified for the performance of an act, a reasonable time is allowed." The question of what constitutes a reasonable time depends upon the circumstances of each particular case. First National Bank of Yankton v. Wagner, 51 S.D. 225, 213 N.W. 3. The decision of the trial court implies the conclusion that defendant had been afforded a reasonable time in which to resell the merchandise and pay the plaintiff the amount due thereon. We believe the record justifies this conclusion.

The judgment appealed from is affirmed.

All the Judges concur.