KNAPP, Respondent v. BREEDING, Appellant

(95 N.W.2d 535)

(File No. 9726. Opinion filed March 25, 1959)

**Ramon A. Roubideaux,** Ft. Pierre, for Defendant and Appellant.

**John P. Bushfield,** Miller, for Plaintiff and Respondent.

BOGUE, J.   The defendant appeals from a judgment decreeing foreclosure of a real estate mortgage.

■ On October 14, 1952, the defendant executed and delivered to the plaintiff a note in the sum of $1,315 together with a real estate mortgage securing payment of the note. The property described in the mortgage consisted of a house and lots in the City of Miller. The note became due on October 15, 1953.

Defendant testified that in the latter part of November 1954 he orally leased the house located on the mortgaged premises to the plaintiff for the use of plaintiff's employee, Fred Meek. Defendant further claims they agreed on a monthly rental of $50 which was to be credited each month on the $1,315 note and by reason of this credit the note was fully paid. Plaintiff denies he ever leased this house from the defendant or ever discussed the rental of it with him.

Meek testified that in November of 1954 he had the following conversation with the defendant concerning the rental of this house. "I asked him how much he wanted and he said he had been getting $50.00. I said that was too much, I said $25.00 was about right. He said 'You move in.' That is all that was mentioned about the house." Meek further testified he had no understanding plaintiff was renting the house for him. That he rented it and was responsible for the payment of the rent. After this conversation with defendant, Meek moved in and continued to occupy this house. The plaintiff was aware of this occupancy. Meek paid no rent nor was he asked to pay any by defendant.

From this evidence the court made the following finding:

"That on, or about December 1st, 1954 the plaintiff discussed with the defendant the possibility of renting the dwelling located on this mortgaged property for and on behalf of an employee of the

plaintiff, namely Fred Meek and did make an oral agreement with the defendant relative to the occupancy by Fred Meek of said dwelling house and did rent such dwelling house on a month to month basis from December 1, 1954 at an agreed rental of $25.00 per month, which rental was to be credited against the balance due on the note. * * *".

The court further found that after crediting the $25 per month on the note there remained $942.36 unpaid.

The sole complaint of the defendant is there is no evidence to support the court's finding of a "rental of $25.00 per month." Neither does the plaintiff claim any such agreement. Defendant insists the agreed rental was $50 per month and plaintiff contends there was no agreement for any rental.

The only evidence in the record relative to a rental of $25 per month is the testimony of Meek. In referring to this testimony plaintiff says: "That if there was an oral contract for rental by Plaintiff, as the court found, there was no agreement between Plaintiff and Defendant in themselves but such agreement must be tied to the conversation between Defendant and Fred Meek wherein the Defendant told him to move in after the figure of $25.00 per month was stated." However, there is no evidence in this record showing that plaintiff ever knew of Meek's conversation with the defendant. Neither is there any evidence that Meek had actual or apparent authority to act for the plaintiff in agreement to pay any specific amount of rental. Thus the agreement as found by the court cannot be tied to the conversation between Meek and defendant as plaintiff suggests.

The court cannot make a contract for the parties that they did not make themselves as a compromise or for any other purpose. Raden v. Schlottman, 77 S.D. 184, 88 N.W.2d 205. We find no competent evidence in this record to support the court's finding of an agreement between these parties of a rental of $25 per month.

The judgment appealed from is reversed.

All the Judges concur.