CUSTER CO. BD. OF ED. et al., Respondents v. STATE COMMISSION ON ELEMENTARY & SECONDARY EDUCATION et al., Appellants

(193 N.W.2d 586)

(File No. 10890. Opinion filed January 19, 1972)

**Bangs, McCullen, Butler, Foye & Simmons,** Rapid City, for respondents.

**Gordon Mydland,** Atty. Gen., **Horace R. Jackson,** Sp. Asst. Atty. Gen., Pierre, for appellant.

BIEGELMEIER, Judge.

After an election and other appropriate proceedings in 1969, Harrison Flats Common School District, herein sometimes referred to as Harrison Flats, became a part of Custer Independent School District. Thereafter appellant, The State Commission on Elementary and Secondary Education (Commission), detached that part of Custer Independent School District (Custer Independent) which had been Harrison Flats and attached it to the Hot Springs Independent School District, and also attached a portion of Fairburn School District to the Hot Springs District. From such actions the Custer County Board of Education and Custer Independent served and filed a petition for review under the Administrative Procedure Act, SDCL 1-26, and a notice of appeal under the provisions for appeal set out in SDCL 13-46-1 and 13-6-89. Upon hearing the controversy, the Circuit Court of Custer County held the actions attaching the tracts to Hot Springs Independent School District were void. The Commission appeals.

SDCL 1-26-1 by subsection (5) defines a " 'Party' " as a "person or agency named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party", and by subsection (6) a " 'Person' " as an "individual, partnership, corporation, association, governmental subdivision, or public or private organization of any character other than an agency". Subsection (2) defines a " 'Contested case' " as a "proceeding  *  *  *  in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing. So far as pertinent, SDCL 1-26-30 then provides a "person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." Proceedings for review are instituted by filing a petition in the circuit court — one of the remedies here followed.

The Commission, in its brief filed June 3, 1971, first asserts the circuit court was without jurisdiction contending no

appeal or right of review exists. A similar question was presented in Elk Point Ind. Sch. Dist. No. 3 of Union County v. State Com'n on E. & Secondary Ed., decided June 9, 1971, 85 S.D. 600, 187 N.W. 2d 666, where the court held an elector of a school district had a right of judicial review under the Administrative Procedures Act. In so doing, the court wrote:

> "The commission urges that the trial court was without jurisdiction of this proceeding because there is no right of appeal from the commission's action.  \*  \*  \* (Petitioners) claim a right to judicial review under our Administrative Procedures Act. (SDCL 1-26)
>
> "Ch. 38, Laws of 1967, creating the State Commission on Elementary and Secondary Education, authorized it to adopt rules and regulations for implementing the provisions of the act. Consequently, we think it is an agency within the meaning thereof. SDCL 1-26-1. Clearly, the electors and taxpayers seeking this review are authorized to do so by SDCL 1-26-30. In view of this the right of the Elk Point district to do so, which is challenged by the commission, becomes moot.
>
> "We think this position gains support from the enactment of Ch. 94, Laws of 1970. In Section 1(5) thereof the commission is given the right to appeal to the Supreme Court from an adverse decision by a circuit court from an appeal to such court taken under the Administrative Procedures Act, by a **county board of education, school board** or a resident elector. Accordingly, we hold that the trial court had jurisdiction of this proceeding." (Emphasis supplied)

Upon the logic of the comment on Ch. 94, S.L.1970, SDCL 13-6-89.1, which recognizes the right of the parties emphasized to a review by the circuit court, we hold respondents have a right of review under SDCL 1-26.

■ Without further quoting from the Elk Point opinion, the court held the Commission had "no authority" under Ch. 38, S.L.

1967[1] (as amended now SDCL 13-6-8.3) to take any territory of an independent district into a newly created independent district. We believe the court's construction of Ch. 38, S.L.1967, as it was then worded and as it existed at the time the Commission acted here, did not give authority to detach land from an independent district and add it to another. No reason for reconsideration of the opinion is advanced and, as the legislature by Ch. 94, S.L. 1970, amended Ch. 38 to specifically permit changes in the boundaries of independent districts, no public purpose would be served by doing so. The Commission then having no authority to detach that part of Custer Independent, formerly known as Harrison Flats, to the Hot Springs District, the judgment of the trial court as to it was correct and must be affirmed.

There is some discrepancy in the record as to whether Fairburn was a common school district or part of Custer Independent. One finding refers to it as a common school district, while a conclusion of law states "the action of the Commission in detaching a portion of old Fairburn Common School District No. 33, which was at the time of the action taken by the Commission a part of Custer Independent School District No. 1" was a nullity. We will assume Fairburn was a common school district not within the holding of the Elk Point Ind. Sch. Dist. opinion.

The circuit court found that before taking the actions complained of, the Commission did not give any notice to the residents of the land area involved of its intended actions nor did it provide for any hearing thereon for those residents, and concluded the actions attaching those parts of Custer Independent (formerly Harrison Flats) and a portion of old Fairburn Common School District to the Hot Springs Independent District were void for failure to "provide for a hearing for the residents of any land area so involved" as required in Ch. 38, S.L.1967, supra.

---

1. Ch. 38, S.L.1967 (SDCL 13-6-8.3) under which the Commission claims its authority to act, so far as pertinent here, provided:
    "If any land area within the state has not become a part of an approved independent school district in accordance with the provisions of this Act on or before January 1, 1969, or to be effective on July 1, 1970, or if any boundary changes or adjustments of land area are necessary, the State Commission on Elementary and Secondary Education shall provide for a hearing for the residents of any land area so involved and shall by resolution take one of the following courses of action:
    (a) create an approved independent school district, or
    (b) combine,attach, and make any boundary change or adjustment of land area as may be deemed necessary". (Emphasis supplied)

The Commission attacks these findings and conclusions of failure to give notice as erroneous, claiming the matter of notice and hearing in school matters is not jurisdictional, that due process is not involved and, alternatively, notice was given and a hearing held.

■ We may agree the wide range of constitutional due process does not encompass legislation as to the creation, enlargement, consolidation or dissolution of school districts as we have held,[2] yet as was written in the Elk Point opinion, "it is settled that the agency carrying out the legislative function must do so within the limitations prescribed in the delegating statute." This includes not only the powers it may exert but also the procedure it must follow to exercise that power. Here the statute required the Commission to provide for the hearing noted above.

■■ One of the essentials of a hearing is the right to be heard,[3] and it contemplates a fair and impartial hearing with the opportunity to present proofs and arguments to the tribunal.[4] This opportunity cannot be availed of without reasonable notice given those affected by the acton of the tribunal. The statute names those as the residents of any of the land involved. While the notice need not be given personally, it must be such that reasonably conveys the time and place of the hearing as well as its purpose. This by many statutes of the state is given by publication in a legal newspaper, posting and mailing or one of these means.

■ The rulings, decisions and judgments of a trial court are presumptively correct, and it is not the duty of an appellate court to seek reasons to reverse. The burden is on the party alleging error to show it affirmatively by the record.[5] No opinion of the court was filed[6] that more fully explains the basis for the

2. Dunker v. Brown Co. Bd. of Ed., 80 S.D. 193, 121 N.W.2d 10, and Elk Point Ind. Sch. Dist. No. 3 of Union County v. State Com'n on E. & Secondary Ed., 85 S.D. 600, 187 N.W.2d 666.
3. Wisconsin Telephone Co. v. Public Service Commission, 232 Wis. 274, 287 N.W. 122, 593.
4. Re Will of Enger, 225 Minn. 229, 30 N.W.2d 694, 1 A.L.R.2d 1048; Albert Albek, Inc. v. Brock, 75 Cal. App.2d 173, 170 P.2d 508.
5. Edgemont Implement Co. v. N. S. Tubbs Sheep Co., 22 S.D. 142, 115 N.W. 1130; Hardman v. Lasell, 55 S.D. 176, 225 N.W. 301; Alberts v. Mutual Serv. Cas. Ins. Co., 80 S.D. 303, 123 N.W.2d 96.
6. SDCL 15-29-10.

finding that the Commission did not give any notice to the residents of the land involved of the hearing on January 15, 1970, upon which hearing it based its actions.

■ Whether the reason for that finding was that the notice to the residents of (all) the school districts of Custer County was too general to apprise the residents of Harrison Flats and Fairburn that their land area was to be involved, or the omission of the name of the Commission's secretary invalidated the notice, or whether the letter enclosing the notice was mailed, or if the notice was published is not clear. The record, therefore, is insufficient for an appellate court to disturb the challenged findings.

Affirmed.

HANSON, P. J., and WINANS and WOLLMAN, JJ., concur.

DOYLE, J., not participating.