Donald Keith JOHNSON, Plaintiff
and Appellant,

v.

Muriel Eunice JOHNSON, Defendant
and Appellee.

No. 12600.

Supreme Court of South Dakota.

Argued Jan. 23, 1980.

Decided April 30, 1980.

Robert E. Hayes of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellant; Robert C. Heege of Davenport, Evans, Hurwitz & Smith, Sioux Falls, on brief.

Haven L. Stuck of Lynn, Jackson, Shultz & Lebrun, Rapid City, for defendant and appellee.

MORGAN, Justice.

This is an appeal from an Eighth Judicial Circuit Court final order enforcing an alimony provision of a Wyoming decree of divorce granted to the appellant, Donald Keith Johnson, from the appellee, Muriel Eunice Johnson, which required appellant to guarantee monthly sum payments to appellee. We reverse in part, affirm in part, and remand to the trial court.

Having been previously married and divorced, the parties remarried in March of 1974. On June 18, 1977, they entered into a separation and property settlement agreement. Appellant drafted the agreement, entitled "TO WHOM IT MAY CONCERN," and both parties signed it. Then on July 11, 1977, appellant obtained an uncontested divorce in Crook County, Wyoming. The Wyoming court approved the agreement and repeated its language in the divorce decree.

The portion of the agreement which forms the basis of the current dispute reads as follows:

I, Donald Keith Johnson, do hereby agree to pay to Muriel Eunice Johnson the sum of Sixty Thousand Dollars, in cash, immediately, and subsequently Fifteen Hundred Dollars a month, for the rest of her natural life; such monthly sum to be guaranteed by annuties [sic] or securities, beyond my lifetime.

The divorce decree ordered appellant "to pay to [appellee] the sum of $60,000.00 in cash, immediately and subsequently Fifteen Hundred Dollars ($1,500.00) a month, for the rest of her natural life; such monthly sum to be guaranteed by annuities and securities, beyond [appellant's] lifetime."

During December 1977 appellant executed a will containing, among other provisions, the following:

THIRD: I am obligated to provide my former wife, MURIEL E. JOHNSON, with an annuity of One Thousand Five Hundred Dollars ($1,500.00) a month for the rest of her natural life. I recognize that obligation and authorize my Executor to establish a trust to fund it, and at the death of Muriel E. Johnson the balance of such trust is to be paid in equal shares to my five children, namely, SUSAN KLINE, LYNDA FLANNERY, NANCY HANSON, LORENE JOHNSON and GUSTAV JOHNSON, or to their children by right of representation should any of them die before my former wife, MURIEL E. JOHNSON.

In conformity with SDCL Chapter 15–16A, the Uniform Enforcement of Foreign Judgments Act, appellee, through her attorney, filed in the office of the clerk of courts of Lawrence County, South Dakota, an affidavit for filing foreign judgment and an exemplified copy of the judgment and decree entered by the Wyoming court. In conjunction therewith appellee requested that the trial court order appellant to show cause why he should not be required to guarantee the monthly $1,500.00 payments, which to that date he had not done.

The trial court signed and filed an order to show cause and then held a hearing on the matter. At the hearing appellant appeared by and through his attorney, as did appellee through hers, and the court heard no oral testimony. Relying on the judgment and decree of divorce entered by the Wyoming court, the affidavits and briefs submitted and filed by counsel, and the oral arguments given by counsel, the trial court ordered "that the monthly payments be forthwith guaranteed by an annuity or trust which shall be funded by securities or other assets transferred by [appellant] in an amount calculated to be sufficient to meet the required payments . . . ." It is from this order that appellant appeals.

■ This court recognizes the rule that a trial court's rulings and decisions are presumed to be correct, and this court will not seek reasons to reverse. *Lytle v. Morgan*, 270 N.W.2d 359 (S.D.1978); *Shaffer v. Honeywell*, 249 N.W.2d 251 (S.D.1976); *Custer County Bd. of Ed. v. State Com'n on E. & S. Ed.*, 86 S.D. 215, 193 N.W.2d 586 (1972). This presumption does not exist, however, when the appellate review is based entirely on a written record. *National Surety Corporation v. Shoemaker*, 86 S.D. 302, 195 N.W.2d 134 (1972); *Brewster v. F. C. Russell Company*, 78 S.D. 129, 99 N.W.2d 42 (1959); *Credit Management Service v. Wendbourne*, 76 S.D. 80, 72 N.W.2d 926 (1955). In this case there is no presumption that the lower court is correct, so this court's review of the record is the same as the trial court's.

Appellant argues that he should not have been required to forthwith guarantee all monthly payments to appellee. It is undisputed between the parties that any payments due during appellee's lifetime and after appellant's death must be guaranteed, but they disagree as to when the guarantee is to be made and what additional payments, if any, the guarantee is to cover. Appellant argues that the guarantee is to be established at the time of his death for any payments due thereafter, while appellee argues that appellant is to guarantee *all* payments now.

■ "The primary rule in the construction of contracts is that the court must, if possible, ascertain and give effect to the mutual intention of the parties." *Huffman v. Shevlin*, 76 S.D. 84, 89, 72 N.W.2d 852, 855 (1955). In order to determine the intent of the parties in this case, we must interpret their agreement as written. *Kansas City Life Ins. Co. v. Wells*, 133 F.2d 224 (8th Cir. 1943). We are not modifying the agreement which they made, since modification of an agreement is not included in the interpretation of it. *Chaffee v. Chaffee*, 19 Wash.2d 607, 145 P.2d 244 (1944).

■ Also, a contract must be construed as a whole, not just a detached portion of it. *City of Sioux Falls v. Henry Carlson Co.*, 258 N.W.2d 676 (S.D.1977); *Eberle v. McKeown*, 83 S.D. 345, 159 N.W.2d 391 (1968); *Bedell v. Steele*, 71 S.D. 609, 28 N.W.2d 369 (1947). The latter portion of the provision currently in question cannot be detached and construed without regard to the entire provision.

■ Although both parties agree that no ambiguity exists in the provision, even though they reach different conclusions as to its meaning, determination whether or not words used in a contract are ambiguous is usually a question of law to be decided by the court. *Jensen v. Pure Plant Food Intern., Ltd.*, 274 N.W.2d 261 (S.D.1979); *Employers Liability Assurance Corporation v. Morse*, 261 Minn. 259, 111 N.W.2d 620 (1961). In addition, an ambiguity is not of itself created simply because the parties

differ as to the interpretation of the contract. *Burns v. Burns*, 169 Colo. 79, 454 P.2d 814 (1969); *Brunton v. International Trust Co.*, 114 Colo. 298, 164 P.2d 472 (1945). So even though the parties differ as to the interpretation of the provision at issue here, we find no ambiguity to exist.

■ Although a semicolon is placed toward the end of the controverted provision, "[t]he words, not the punctuation, are the controlling guide in construing a contract. If the meaning of the words is clear the court will interpret a contract according to their meaning and without regard to the punctuation marks or the want of them." *Anderson & Kerr Drilling Co. v. Bruhlmeyer*, 134 Tex. 574, 580, 136 S.W.2d 800, 803 (1940).

■ That no specific time for the making of the guarantee is set forth in the provision is of little import. It has been held that under such circumstances the time involved is to be a reasonable one. *Papaioannou v. Britz*, 285 App.Div. 596, 139 N.Y.S.2d 658 (1955). In order to determine just what a reasonable amount of time is when time is not of the essence, we must look at the circumstances of each individual case. *Huffman v. Shevlin*, supra; *First Nat. Bank of Yankton v. Wagner*, 51 S.D. 225, 213 N.W. 3 (1927).

■ Reading the agreement in conformity with the above rules and giving the maximum benefit to the arguments of both parties, we hold that the agreement and the decree incorporating it require that the appellant forthwith guarantee only such payments to which the appellee would be entitled during her lifetime and after his death, by either purchasing an annuity or by depositing in trust securities in such amount as will actuarily satisfy the requirements of the guarantee to be approved by the trial court.

■ Appellant argues that to require him to guarantee the payments forthwith is inequitable. He is the principal shareholder in a highway construction business and a substantial net worth on his balance sheet is required for business purposes. The record does not reflect, nor are we permitted to speculate, what effect the purchase of annuity or deposit of sufficient security would have on a net worth which approached $2,000,000.00 two years ago and which showed a history of steady increase. Inasmuch as we have determined that we are presented with a question of interpretation rather than modification, we do not perceive any valid reason to look to a balancing of the equities which may or may not result in our remaking the agreement for the parties; a result which, if reached, would be a modification, not an interpretation. *Flowers v. Flowers*, 334 So.2d 856 (Ala.1976); *Knapp v. Breeding*, 77 S.D. 551, 95 N.W.2d 535 (1959).

■ We have examined appellant's final argument that he has provided for funding the guarantee by a testamentary disposition. It does not, however, fulfill the agreement as we have interpreted it. It fails to guarantee the payment now, for indeed, the will can readily be changed at any time prior to testator's death. It assures that appellant's estate will be sufficient to fund the bequest, an assumption that we cannot indulge in. A will does not satisfy the obligation assumed by appellant in the agreement.

The order of the trial court is reversed to the extent that the appellant is not required to guarantee monthly payments under the alimony agreement that shall become due during the lifetime of both parties. The order is affirmed, however, to the extent that appellant is required to forthwith deposit a guarantee of monthly alimony payments that may fall due during appellee's lifetime but after appellant's death, said guarantee to be made in compliance with this opinion.

Finally, appellee has moved this court to allow attorney's fees either incurred or anticipated for defense of this appeal. An itemized bill was included with the motion. Appellant resists the motion "for the reason and upon the grounds that such motion is improperly brought before this Court, is for relief that was denied to the Defendant and

Respondent in the trial court, and does not establish the need or grounds therefor, would be inequitable, and is not a proper item of costs in the Supreme Court."

SDCL 15–17–7 gives the court the power to order payment of attorneys' fees in a divorce case, both before and after judgment. The fees, however, must be "warranted and necessary."

We have recently addressed this issue in two cases. *Holforty v. Holforty*, 272 N.W.2d 810 (S.D.1978), and *Wallahan v. Wallahan*, 284 N.W.2d 21 (S.D.1979).

In *Holforty* this court said:

We have stated that this court and the circuit court have concurrent jurisdiction to require the husband in a divorce action to pay an allowance to enable the wife to present her side of an appeal. However, we are not a fact-finding body, and we feel that the trial court is in a far better position to hear and pass on attorney fees in the first instance. Accordingly, the case is remanded to the trial court for a determination of a reasonable amount for attorney fees and expenses for resisting this appeal. (Citations omitted.)

272 N.W.2d at 812. See also *Lien v. Lien*, 278 N.W.2d 436 (S.D.1979).

As we did in *Wallahan*, supra at 28, we remand the case to the trial court so that it can "determine the reasonable amount of [appellee's] attorneys' fees for this appeal and the portion thereof, if any, [appellant] should pay."

We therefore remand the matter to the trial court for disposition in accordance with this opinion.

WOLLMAN, C. J., and HENDERSON and FOSHEIM, JJ., concur.

GROSSHANS, Circuit Judge, dissents.

GROSSHANS, Circuit Judge, sitting for DUNN, J., disqualified.

GROSSHANS, Circuit Judge (dissenting).

I would affirm the trial judge.

I agree that this court's review of the record is the same as the trial court's. I further agree that we must interpret the sentence as written and that a modification of the sentence is not to be included in the interpretation of it. The sentence is poorly punctuated. The semicolon is wrong. If we corrected the punctuation without adding or deleting words we would not cure the problem presented by the sentence. I also agree that it is the clear meaning of the words utilized in the sentence which must be considered when attempting to give effect to the mutual intent of the parties.

I disagree with the majority finding that no ambiguity exists in the sentence. Although the parties agree that payments during appellee's lifetime and after appellant's death are to be guaranteed, they disagree as to when the guaranty is to be made and what additional payments, if any, the guaranty is to cover.

Appellee interprets the sentence to mean that all monthly payments after the cash payment are to be guaranteed until she dies, even beyond appellant's death, and the guaranty is to be established as soon as possible after the divorce.

Appellant interprets the sentence to mean that only those monthly payments which may be payable after appellant's death are to be guaranteed and that the guaranty does not have to be provided "immediately," "forthwith," or at any specific time. Apparently appellant contends that if somehow he could on his deathbed, just before expiring, establish the guaranty, that this would satisfy the requirement.

The trial court found that no ambiguity existed and interpreted the sentence as appellee did. In arriving at his decision the trial judge conceded that possibly the sentence was ambiguous and if so the rule of law would require that the ambiguity be construed against the scrivener.

Now the majority also finds no ambiguity to exist and comes up with yet a third interpretation of the same sentence.

Webster's Third New International Dictionary defines ambiguity as "the condition of admitting of two or more meanings, of being understood in more than one way

. . . ." Our court has consistently held that language is ambiguous when it is reasonably capable of being understood in more than one sense. *Piechowski v. Case,* 255 N.W.2d 72 (S.D.1977); *Newton v. Erickson,* 73 S.D. 228, 41 N.W.2d 545 (1950).

Reading the sentence at issue in conformity with the foregoing rules, I would find that the sentence is ambiguous. To illustrate the ambiguity it is only necessary to apply three questions to each of the three interpretations, that is: (1) What is to be guaranteed? (2) When is the monthly sum to be guaranteed? (3) What is the term of the guaranty?

Appellee and the trial court answer these questions as follows: (1) The monthly sum; (2) forthwith, being subsequent to the cash payment and reasonably soon after the decree; and (3) the entire remainder of appellee's life, even beyond appellant's death.

Appellant answers these questions as follows: (1) The monthly sum, if any, due appellee after appellant's death for the remainder of appellee's life; (2) at the time of appellant's death; and (3) from appellant's death to appellee's death.

The majority of this court answers these questions as follows: (1) The monthly sum due appellee after appellant's death for the remainder of her life, if applicable; (2) forthwith, being subsequent to the cash payment and reasonably soon after the decree; and (3) from appellant's death to appellee's death, if applicable.

Since it is obvious that an ambiguity does exist in that the sentence is capable of being interpreted to have at least three reasonable meanings, the sentence should be interpreted most strongly against the appellant inasmuch as he drafted it and caused the uncertainty to exist. *City of Sioux Falls v. Henry Carlson Co.,* 258 N.W.2d 676 (S.D.1977); *Jones v. American Oil Co.,* 87 S.D. 384, 209 N.W.2d 1 (1973); *Evans v. Heaton,* 57 S.D. 436, 233 N.W. 281 (1930); *Weisser v. Kropuenske,* 55 S.D. 558, 226 N.W. 760 (1929). He used the word "guaranteed." It is not a shallow, meaningless word. The majority appreciates the shallowness of appellant's attempt to satisfy the guaranty by the establishment of a testamentary trust but the majority does not go far enough to hold him to the guaranty he imposed upon himself. The guaranty, even as applied by the majority, is worthless if appellant becomes penniless tomorrow and appellee dies years from now but prior to appellant.

I believe that this court should affirm the trial court. It appears to me that the majority blithely ignores logic and departs from long-standing legal precedent in order to give each of the litigating parties a portion of that which they seek. I submit that this decision will not sleep nor rest easy, but that the precedent set here will rise from the ashes like that bird of wonder, the maiden phoenix, creating another heir which will haunt this court for years to come.